a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLES JACKSON #443250,** <br> **Plaintiff** | **CIVIL DOCKET NO. 1:21-CV-00206** <br> **SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JAMES LEBLANC ET AL,** <br> **Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 3) filed by *pro se* Petitioner Charles Jackson ("Jackson"). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Jackson challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because Jackson's Petition (ECF No. 3) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Jackson was convicted of attempted second-degree murder and possession of a firearm by a convicted felon. He was sentenced to a total term of 40 years of imprisonment. *State v. Jackson*, 2015-557 (La. App. 3 Cir. 12/9/15). On appeal, Jackson challenged the constitutionality of his sentence. *Id.* The appellate court affirmed, finding that his sentence was not excessive. *Id.* The Louisiana Supreme

1

Court denied Jackson's writ application on January 13, 2017. *State v. Jackson*, 2016-0008 (La. 1/13/17); 215 So.3d 241. Jackson did not seek review in the United States Supreme Court.

Jackson reportedly filed an application for post-conviction relief on October 18, 2018. ECF No. 1 at 19. The trial court denied the application. *Id.* Jackson sought review in the Louisiana Third Circuit Court of Appeal, but relief was denied. The Louisiana Supreme Court denied writs on November 10, 2020.

## II. Law and Analysis

### A. Jackson's Petition (ECF No. 1) is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B. Jackson's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

2

Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

After the Louisiana Supreme Court denied writs, Jackson had 90 days within which to seek review in the United States Supreme Court. U.S. Sup. Ct. R. 13. Because he did not seek further review, Jackson's conviction became final for AEDPA purposes on April 13, 2017, when the time for seeking that review expired. 28 U.S.C. § 2244(d)(1)(A). Jackson generally had one year from that date—until April 13, 2018—within which to file a § 2254 Petition.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

According to the information provided by Jackson, his application for post-conviction relief was filed on October 18, 2018. ECF No. 1 at 19. Thus, the time from April 13, 2017—when the conviction became final—to October 18, 2018—the date the application was filed—is counted against the limitations period. *See Villegas*, 184 F.3d at 472 (citing *Flanagan*, 154 F.3d at 199). As such, the limitations period expired on April 13, 2018. Since the application was not filed until six months after the one-

year limitations period of the AEDPA had expired, Jackson receives no benefit from statutory tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Jackson does not allege that he was misled by the defendant or otherwise prevented from timely filing his Petition. Although Jackson mentions that he was delayed in seeking post-conviction review in the Louisiana Supreme Court due to the COVID-19 pandemic, the time for filing his § 2254 Petition expired long before the pandemic. Therefore, the pandemic is irrelevant to the timeliness of Jackson's Petition.

### III. Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Jackson's § 2254 Petition (ECF No. 3) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Wednesday, March 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE